[S. F. No. 671. Department Two.—December 20, 1897.]

MRS. M. A. PETERSON, Respondent, v. CITY OF SANTA ROSA, Appellant.

INJUNCTION—RELATIVE EQUITIES.—A court of chancery will not interpose by injunction as of course after the right of the plaintiff has been established at law; but it will consider the circumstances, the consequences of such action, and the real equity of the case; and each case must be governed by the circumstances that surround it, and by relative equities.

ID.—RIGHTS OF RIPARIAN OWNER—POLLUTION OF STREAM BY SEWAGE—NUISANCE—INJUNCTION AGAINST MUNICIPAL CORPORATION.—A riparian owner has a right of property in the waters of the stream, as appurtenant

to the land, and is entitled to have it flow in its natural purity, and may enjoin as an actionable nuisance the pollution of the stream by a municipal corporation which has caused sewage to flow therein, so as substantially to impair its value for ordinary purposes, and to render it at times offensive to the senses and unfit for domestic use, and the fact that the defendant is a municipal corporation does not enhance its rights, or palliate its wrongs in this respect.

ID.—SUPPLEMENTAL ANSWER—CONSTRUCTION OF SEWAGE PLANT—DEODORIZATION OF SEWAGE—FITNESS FOR DOMESTIC USE—BURDEN OF PROOF—PRESUMPTION.—A supplemental answer by the municipal corporation, setting forth that, since the commencement of the action, it had constructed and was operating a sewage plant, which rendered the sewage water clear and inodorous, does not constitute a defense to the injunction, in the absence of a showing that the water was rendered palatable and fit for use; and prior findings having established that the water of the stream was rendered unfit for use by the sewage, the burden of showing a change in that respect rested upon the defendant, and it must be presumed, in the absence of such a showing, that the water in that respect had not undergone a change.

APPEAL from part of a judgment of the Superior Court of Sonoma County granting a perpetual injunction. William R. Daingerfield, Judge.

The facts are stated in the opinion.

W. F. Cowan, and O. O. Weber, City Attorney, for Appellants.

J. B. Leppo, for Respondent.

SEARLS, C.—This is an action to restrain the defendant, a municipal corporation, from polluting the waters of Santa Rosa creek by discharging or permitting to run into said stream, above the lands of the plaintiff, any of the sewage from the city of Santa Rosa, the defendant herein, and to recover damages for past injury.

Plaintiff had judgment for one dollar damages and a perpetual injunction restraining defendant as prayed in her complaint. Defendant appeals from so much of the decree as awards an injunction. The cause comes up on the judgment-roll.

The record shows that the cause was tried before a jury and a verdict rendered in favor of plaintiff for one dollar; that thereafter, and before the findings were prepared, the cause was opened and testimony taken in support of the "amended supplemen-

tal answer" of defendant filed May 4, 1896 (the day of the jury trial). The eleventh finding by the court is in reference to the showing on such "amended supplemental answer," the object of which answer was to show to the court that defendant had, since the filing of its amended answer, been engaged in and had about completed a sewage disposal plant of approved kind to filter, precipitate, deodorize, and disinfect and render pure and harmless all the sewage of said city, etc., all of which would be completed and in full operation within a day or two after May 4, 1896. We condense in part and quote in part the findings as follows:

The city of Santa Rosa, defendant, at all the times herein mentioned, is and was a municipal corporation under the laws of the state of California, having a population of about seven thousand inhabitants. In 1886 and since that date it has constructed and maintained a sewer system for the purpose of receiving and carrying off from within its limits all the sewage, garbage, filth, and refuse matter collecting and accumulating in the defendant city.

For four years last past defendant has had a sewer farm outside of and about one and one-half miles west of the city, containing sixteen and eighty-six one-hundredths acres of land, which it uses in connection with its sewer system as a dumping ground and place of deposit for its sewage, garbage, filth, etc.

That under and pursuant to an ordinance of the city, cesspools, privy-vaults, etc., are required to be and are connected with and discharge into the sewers, and by and through them are conducted to the "sewer farm," and during high water a portion of said sewage was discharged into Santa Rosa creek in said city.

Santa Rosa creek is a stream "having sides, banks, and a bed," with a well-defined channel, which runs through the city, thence past said sewer farm down to and through certain lands which the plaintiff has owned and resided upon with her family for forty years. The water in Santa Rosa creek was naturally pure, clear, and fit for household purposes and for watering stock. The great quantity of the sewage caused it to overflow the sewer farm, and some substantial quantity has overflowed, and at the date of the trial was overflowing and discharging into Santa Rosa creek and mixing with the waters. The defendant has also at intervals and at the date of the verdict was discharging

directly from its ditches into Santa Rosa creek "some substantial quantity of said sewage," and the same has been and was being carried down said creek to and upon the lands of plaintiff, whereby the waters of said creek had become and were "poisoned and polluted and rendered impure and unfit for use." The sewage, etc., thus discharged into the creek and running through and upon the land of plaintiff for two years past "has been and is somewhat offensive at intervals to the senses, but not dangerous or injurious to the health of plaintiff or her family, and has been and now is a partial obstruction to the free use and enjoyment by plaintiff of her said land and premises."

If the acts of defendant are permitted to continue, it would be extremely difficult to estimate the damages, and restraint is necessary to prevent a multiplicity of actions, and plaintiff has no other plain, speedy, or adequate remedy at law.

Plaintiff has sustained damages in the sum of one dollar. Other parties, independent of defendant, have corrupted and poisoned Santa Rosa creek, but the damages to plaintiff caused thereby cannot be separated or estimated apart from the injury and damage caused by defendant.

"That since the filing of amended supplemental answer herein, the sewer plant described in said amended supplemental answer has been completed by the defendant and is in operation, and that before the order granting injunction was, on the eighteenth day of May, 1896, rendered herein as aforesaid, the sewage of said city was being treated by the process mentioned in the amended supplemental answer herein, and run through and operated upon by the sewage plant mentioned therein, and that the sewage water after it passed through said plant was clear and inodorous, but the evidence does not show whether or not it was then palatable or fit for use."

The pollution of water by the flow of sewage from towns or cities into streams whose waters are thereby injured or rendered unfit for use has frequently been a ground for the application for the preventive aid of equity by injunction. The doctrine is well established that the fouling or pollution of water in a stream by such sewage constitutes a nuisance and affords sufficient ground for relief by injunction.

It is said (High on Injunctions, sec. 810): "In conformity with this doctrine, the owners of land upon the banks of a

river below a city may enjoin the city authorities from polluting the river by sewage."

In *Attorney General v. Council of Birmingham*, 4 Kay & J. 528, the court indicated that in such cases only the right of plaintiff to relief, rather than the question of inconvenience to defendants, was to be considered, although the latter represented a large population.

We regard the foregoing as an extreme statement and deem it more proper to adopt the language of Swayne, J., in *Parker v. Winnipiseogee etc. Co.*, 2 Black, 553: "After the right has been established at law a court of chancery will not, as of course, interpose by injunction. It will consider all the circumstances, the consequences of such action, and the real equity of the case."

In *Curtis v. Winslow*, 38 Vt. 690, it was said: "In determining the right of a party to an injunction after a verdict in his favor by a court of law, the court will consider the relative loss to either party, the character of the property for which protection is sought, the character of the locality in which the nuisance exists, and whether the injury is properly compensable in damages."

If the injury is only occasional, and the damage is small, accidental, rather than a probable and necessary consequence, an injunction will be denied. (*Wood v. Sutaliff*, 8 Eng. L. & Eq. 217.) In short, each case must be governed by the circumstances that surround it, and by relative equities. (Wood on Nuisances, sec. 550.)

Tested by these rules and by others which might be mentioned, and we think the facts as found by the court up to and prior to the trial, viz., May 4, 1896, warranted the court in its discretion in granting an injunction. Those facts showed: 1. An injury by fouling the water of Santa Rosa creek by permitting sewage to flow therein, and by turning it therein, at intervals, in substantial quantity, whereby the waters of said creek were polluted and rendered unfit for use; 2. That the sewage thus discharged rendered the water of the creek at times offensive to the senses, but not injurious to health. Yet it was a partial obstruction to the free use and enjoyment by plaintiff of her land; 3. It would be difficult to compute the damage; 4. An injunction is necessary to prevent a multiplicity of actions, etc; 5.

Defendant does not threaten to continue to discharge sewage into said creek.

These facts, except the last, are causes which warrant the award of a perpetual injunction, and we find no reason for disturbing that portion of the judgment appealed from, unless it is to be found in the last or eleventh finding, which we have quoted at length and which is based on testimony taken after the main trial and showing facts occurring subsequent to such trial.

As will be seen by the finding the sewage, as treated by defendant, has rendered the water clear and inodorous, but the question as to whether or not it is potable or fit for use remains undetermined for want of evidence upon which to base a deduction.

The previous findings on this question were against the defendant, and, as the burden of showing a change rested upon the defendant, we must presume, in the absence of proof, that the water in the respect indicated has not undergone a change.

The case then stands thus: Plaintiff, as the owner of lands through which the water of Santa Rosa creek flowed, had and still has a right of property in the waters of the stream. This right is a corporeal hereditament, appurtenant to the land and running with it. (*Alta Land Co. v. Hancock*, 85 Cal. 219; 20 Am. St. Rep. 217.) Her right as a riparian owner was, not only to have the water of the stream flow over her land in its usual volume, but to have it flow in its natural purity, and such pollution of the stream by the defendant as substantially impaired its value for the ordinary purposes of life, and render it measurably unfit for domestic purposes, is an actionable nuisance; and the fact that the defendant is a municipal corporation does not enhance its rights or palliate its wrongs in this respect. (Wood on Nuisances, sec. 427; High on Injunctions, 3d ed., sec. 810.)

We regard the present case as a close one, but under the findings, which are not challenged, we cannot interfere with the conclusion reached by the court below.

We recommend that the judgment be affirmed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. McFarland, J., Henshaw, J., Harrison, J.