CITY OF MARLIN et al. v. HOLLOWAY et al. (No. 5812.)

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1917.)

1. NUISANCE ⟨key⟩18—INJUNCTION TO PREVENT CREATION.

Injunction is a proper remedy to prevent the creation of a nuisance by a municipal corporation.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 49, 50.]

2. APPEAL AND ERROR ⟨key⟩1009(2)—REVIEW—FINDINGS OF FACT.

The evidence being sufficient to sustain the trial court's findings of fact, it becomes the duty of the Court of Appeals to sustain the trial court in such findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3971.]

3. NUISANCE ⟨key⟩19 — SEWERAGE DISPOSAL PLANT—INJUNCTION.

Where the sewerage disposal plant which a city proposed to install in a residence section would have given off noxious odors annoying to any normal man, rendering the continued occupancy of nearby homesteads intolerable, and would have facilitated the breeding of flies, the owners of such nearby homesteads were entitled to injunction, preventing the construction and operation of the plant at that place.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55.]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Suit by J. C. Holloway and others against the City of Marlin and others. From a judg-

ment granting temporary injunction, defendants appeal. Affirmed.

E. W. Bounds, of Marlin, for appellants. Oltorf & Oltorf, of Marlin, for appellees.

JENKINS, J. This is an appeal from a judgment of the district court of Falls county granting a temporary injunction against the city of Marlin, whereby it was restrained from the erection of a sewerage plant, which it was alleged would create a nuisance and inflict irreparable injury upon the plaintiffs in said cause.

[1] It is well settled that injunction is a proper remedy to prevent the creation of a nuisance by a municipal corporation. 29 Cyc. 1180, 1185, 1187, 1188; San Antonio v. Hamilton, 180 S. W. 160; Stark v. Coe, 134 S. W. 373–378; Lowe v. Cemetery Ass'n, 58 Neb. 94, 78 N. W. 488, 46 L. R. A. 237–243; State v. Concordia, 78 Kan. 487, 96 Pac. 487, 20 L. R. A. (N. S.) 1050; Edwards v. Mining Co., 38 Mich. 46, 31 Am. Rep. 301; Peterson v. Santa Rosa, 119 Cal. 391, 51 Pac. 557; Meigs v. Lister, 23 N. J. Eq. 199.

The allegations in the petition of appellees are sufficient, if true, to entitle them to relief by injunction. The trial court, at the request of appellant, filed the following findings of fact and conclusions of law:

"Conclusion of Fact.

"I find from the evidence, consisting of affidavits and parol testimony, that the point selected as the site for the sewage disposal plant, designed for the defendant city of Marlin, and which it is intended shall be operated by said city, is on what is known locally as the International & Great Northern lake property, which lies within the corporate limits of said city of Marlin; that said site is distant 830½ feet a little south of west from the house owned and occupied as a homestead by plaintiff J. C. Holloway, on the west side of Williams street; that the home of plaintiff B. G. Ward is situated on the same side of Williams street about 139 feet north of the southwest corner of plaintiff Holloway's house; that the home of plaintiff J. D. Oltorf is about 600 feet northeast of said southwest corner of Holloway's house; that the residence of plaintiff Mrs. S. R. Oltorf is east of that of J. D. Oltorf, in the same block; that the residence property of Mrs. Mary Adams is next to that of plaintiff Ward on the north; that of W. A. Oltorf and C. A. Oltorf is next to that of Mrs. Adams, the homes and property of some of the other plaintiffs are further up said Williams street towards the public square, and the homes of the remaining plaintiffs are located on streets running west from said Williams street and north of said site upon which the defendants purpose to construct and operate said sewage disposal plant; that the section of the city of Marlin in question is strictly a residence section, plaintiffs, among others, having well-improved, comfortable homes therein; that the sewage disposal plant designed for the city of Marlin, upon the sewage of said city being emptied therein, would emit foul and obnoxious odors, and attract and facilitate the breeding of flies; that the odors emanating from said plant would reach the homes of plaintiffs Holloway and Ward, and very probably those of the other plaintiffs; that said odors and flies would be disagreeable and annoying, especially to plaintiffs Holloway and Ward, and render the continued occupancy of their homesteads intolerable; that said odors would be offensive to the physical senses of said plaintiffs, as they would be to any person of normal senses similarly situated, and said plant would create and be a nuisance to said plaintiffs and destroy the comfort of their homes; that offensive odors emanate from all types or systems of sewage disposal plants, except possibly that known as the activated sludge system, which is not the kind designed for the city of Marlin, and which the evidence indicates would not be practicable for a city the size of Marlin; that the evidence does not show that the city of Marlin cannot, either from an engineering or financial standpoint, dispose of its sewage at some other place or places far enough removed from any residence section not to be a nuisance.

"Conclusions of Law.

"I conclude that the defendants have no right to create a nuisance to plaintiffs; and, since I have concluded as a fact that the operation of the sewage disposal plant in question at the point in question would create and be a nuisance to at least some of the plaintiffs, it follows that my conclusion of law is that plaintiffs are entitled to prevent by injunction the construction and operation of said plant at said place."

[2] The evidence is sufficient to sustain the court's findings of fact, and it therefore becomes our duty to sustain the court in such findings. Wells Fargo Co. v. Guilheim, 169 S. W. 1053; Lodge v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180.

[3] The court deduced the correct conclusion of law from the facts found.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.