## CITY OF WICHITA FALLS v. WHITNEY et al. (No. 12113.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 10, 1928.

Rehearing Denied Dec. 8, 1928.

Thelbert Martin, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellees.

BUCK, J. D. G. and C. W. Whitney filed this suit in the district court of Wichita county against the city of Wichita Falls, the American Refining Company, Orient Petroleum Company, Continental Oil Company of Texas, Panhandle Refining Company, Primrose Refining Company, the Texas Pipe Line Company, City Laundry, and Wichita Falls Laundry Company. Plaintiffs alleged that they were the owners of 750 acres of land located about two miles from the business district of Wichita Falls; that the Wichita river, a public water course, flowed through such lands and afforded a convenient supply of water for every domestic use required by plaintiffs; that such land was level, fertile and tillable, well-improved, and under irrigation, and of the reasonable market value of $400 per acre; that the defendants, and each of them, contrary to the penal laws of the state of Texas, more than five years continuously next before the filing of plaintiffs' petition, had been discharging into said river and on the immediate watershed thereof, and about and in close proximity to plaintiffs' land, crude petroleum oil, unclean water, sewage, and waste materials of such character as to render all of the water of said river, and particularly all thereof in any wise accessible to plaintiffs' premises, wholly unfit for any of the domestic uses required there-

of; that such crude petroleum oil and unclean water had the effect of arresting the oxidation and other processes of decay which ordinarily attack and finally disperse the solid filth placed thereon, and the large masses of putrid matter borne by the current stream and deposited on plaintiffs' premises and along the banks and in the bed of said river and on the water thereof where the same flows through plaintiffs' land, and in close proximity to the public highway connecting plaintiffs' land with the city of Wichita Falls; that there has been for the past five years, and particularly for the two years next prior to the filing of said petition, on said premises and within its close proximity, and in said river where the same is crossed by the public highway, vast deposits of decayed vegetable and animal matter, waste materials of every conceivable character, including abandoned automobiles, tin cans, all of the garbage collected in said city, and the entire contents of its several sewer lines and systems; that such accumulated filth and waste matter, preserved from decay by such crude petroleum oil and unclean water, attracts and breeds innumerable flies which continuously swarm about the same, to be borne by the wind to all portions of plaintiffs' premises; that dogs and vultures are continuously drawn to such accumulation and that all persons apprised of such conditions habitually avoid going on or near plaintiffs' said premises, and particularly to travel on the highway connecting the same with the city of Wichita Falls; that foul gases and nauseating odors continuously emanate from the putrid matter so deposited on and near plaintiffs' property and are borne on the air to every portion thereof, so as to make the same wholly unfit and repulsive as a place for human residences; that such condition is an open and constant menace to the health and comfort of all going on or near plaintiffs' said premises.

Plaintiffs prayed for damages in the sum of $1,000 per year for five years as their costs in obtaining water from other sources than the river; $2,000 per year for a period of five years as costs to them in procuring a residence away from said land; $5,000 per year for five years as lost profits from said land, and the sum of $250 per acre as depreciation in the value of said land, making a total of $227,500 as the damage alleged to have been suffered by the plaintiffs.

They further alleged that the law provides no adequate remedy, and that they are entitled to an appropriate order from the court restraining the defendants and each of them from permitting or causing any of said polluting substances to reach the waters of said river, above and near to plaintiffs' premises.

Upon application for a temporary injunction, and upon a hearing, the temporary in-

junction, pending a final hearing, was granted. All of defendants, at the time set, appeared either in person or by attorneys, and plaintiffs announced that they would dismiss the suit in so far as the injunction was concerned, except as to the city of Wichita Falls, the City Laundry, and the Wichita Falls Laundry.

A temporary writ of injunction was granted plaintiffs against said defendant, said city of Wichita Falls, enjoining it from continuing the wrongs complained of in plaintiffs' petition during the pendency of this suit, and from discharging, permitting, or causing to be discharged into the Wichita river or on the banks or watersheds thereof, and from its sewer system and lines, any untreated sewage or other unclean or polluting matter, and from depositing, permitting, or causing to be deposited in said river, on the banks or watersheds thereof, or on or along the public highway mentioned in plaintiffs' petition, any garbage or other waste materials containing organic matter calculated to pollute the waters of such stream, or to create noxious and offensive odors detrimental to the use and enjoyment of plaintiffs' land described in their petition. From this order and judgment, the defendant the city of Wichita Falls has appealed.

### Opinion.

■The appellant filed a plea in abatement and a motion to dismiss the cause for a misjoinder of parties defendant and a misjoinder of causes of action, which urged that the plaintiffs wrongfully and improperly joined this defendant with the other defendants, and joined an alleged cause of action against this defendant and an alleged cause of action against the other defendants; that this defendant and no other defendants ever had anything to do with the sewers, disposal plants, machinery, or other property of this defendant; that none of the other defendants have aided, assisted, supervised, or intruded in any manner in the defendant's business, or in the operation or use of any of this defendant's properties operated by this defendant; and that if any pollution has occurred as the result of the operation of any sewers, disposal plants, machinery, or other property owned, conducted, operated, or used by this defendant, which is not admitted but denied, the same has not been the result of any joint action, omission, negligence, or fault between this defendant and any other defendant named in plaintiffs' petition.

We do not think that there is any prejudicial error in the action of the trial court in refusing to sustain the plea in abatement of appellant. As a qualification to appellant's bill of exception complaining of the action of the court in overruling its plea in abatement, the court said: "Plaintiffs dismissed for the purpose of the injunction at the time of announcing ready, all defendants except the City of Wichita Falls and the two laundry companies; at the close of plaintiffs' evidence in chief, and on an uncontested motion of the two laundry companies, the court released said two laundry companies, so far as the injunction matter was concerned, which action of the court left only the defendant City of Wichita Falls as the sole defendant in the injunction matter."

Since appellant, at the time the temporary injunction was granted, was the only defendant sought to be temporarily enjoined, we are unable to see how any error, if there was error at all, of the trial court in refusing to abate the suit by reason of any misjoinder of persons or causes of action, resulted injuriously to appellant here. Therefore the assignment and proposition directed to this matter is overruled.

■ Complaint is also made as to the action of the trial court in overruling appellant's motion requiring the plaintiffs to elect which remedy they would pursue, the suit for damages or the injunction. It is only as to the order and judgment of the trial court granting a temporary injunction that this appeal is taken. We see no error in the action of the court in overruling defendant's motion for election. While it is true that, if a permanent injunction was sought and granted, the plaintiff could only recover damages existing prior to the suit. As said by the Galveston Court of Civil Appeals in the case of Ehlert v. Galveston, H. & S. A. R. Co., 274 S. W. 172, writ of error dismissed for want of jurisdiction: "Plaintiffs' suit was for the recovery of damages for the construction and maintenance of the tanks which the petition declares created a permanent nuisance, and they seek in this action to recover the entire damages past and prospective to their property resulting from such alleged nuisance. They cannot in such suit also demand the removal of the alleged nuisance, but should have elected either to sue for damages or for the removal of the nuisance."

But the rule does not require an election between the suit for damages and the prayer for injunction, where the injunction sought is only temporary, as in this case.

■ The third proposition is that a permanent injunction should not be granted, unless, in the conduct of the suit, the restraint of some acts prejudicial to the rights of the applicant is necessary, or the defendant is doing or threatening to do some act, or procuring the same to be done, which would render the anticipated judgment nugatory or inflict irreparable injury. We think that the appellees in their petition alleged a number of acts on the part of appellant which were reasonably calculated to inflict irreparable injury on the plaintiffs, and that a temporary injunction was properly granted in this case. The appellees alleged, and the evidence amply supports such allegations, in part at least, that the defendant had been habitually dis-

charging into said river and on the immediate watershed thereof, and above and in close proximity to plaintiffs' land, unclean water, sewage, and waste materials of every character, all of a polluting nature, with the effect of rendering all of the water of such river, and particularly all thereof in any wise accessible to plaintiffs' premises, wholly unfit for any of the domestic uses required; and that such acts on the part of defendant rendered it impracticable and unsafe for plaintiffs to live on their premises, and that the noxious odors arising from such filth and garbage injured the health of plaintiffs and of their men who worked on the land and cultivated it. The application for the injunction stated: "Plaintiffs further show that the several wrongs and each of them herein complained of against defendants are continuous and of daily commission, and that all of the evil and damaging consequences so complained of are continuous and of a nature to be and are being increasingly aggravated and rendered more intolerable by each repetition of each of such wrongful practices, and for none of such the law provides any adequate remedy." It was further alleged: "In this connection, it is further averred that the condition produced by the unlawful and wrongful acts of defendants as above described is an open and constant menace to the health and comfort of every person going on or near plaintiffs' lands."

We think it is a universally accepted rule in Texas that a temporary injunction is a proper remedy to be invoked against municipalities in such cases.

In City of Marlin v. Holloway, 192 S. W. 623, the Waco Court of Civil Appeals said: "It is well settled that injunction is a proper remedy to prevent the creation of a nuisance by a municipal corporation. 29 Cyc. 1180, 1185, 1187, 1188; San Antonio v. Hamilton [Tex. Civ. App.] 180 S. W. 160; Stark v. Coe [Tex. Civ. App.] 134 S. W. 373–378; Lowe v. Cemetery Ass'n, 58 Neb. 94, 78 N. W. 488, 46 L. R. A. 237–243; State v. Concordia, 78 Kan. [250] 487, 96 P. 487, 20 L. R. A. (N. S.) 1050; Edwards v. Mining Co., 38 Mich. 46, 31 Am. Rep. 301; Peterson v. Santa Rosa, 119 Cal. 391, 51 P. 557; Meigs v. Lister, 23 N. J. Eq. 199."

This assignment and proposition is overruled.

■ The fifth proposition is: "Where on a hearing for a temporary injunction, the applicant asks permission to file amended or supplementary pleadings, such application should be denied, or if same is allowed then the respondent should be granted further time to answer such new matters set up in such additional pleadings, and the court abuses his discretion when he allows such amendments and then refuses to postpone the hearing."

Plaintiffs' "First Supplemental Petition and reply to answer of defendant City of Wichita Falls" was merely an answer or replication to the exceptions and pleas contained in appellant's answer. Such replication did not require additional testimony by appellant other than the evidence introduced by defendants. Therefore we see no error in the action of the trial court in permitting said pleadings of plaintiffs to be filed and in overruling defendant's motion for a continuance.

■ The sixth proposition is that: "The appellees were guilty of such laches in this case, as shown by the pleadings and the evidence, as that the court should have denied the relief asked for."

Appellant cites such cases as Knight v. Durham (Tex. Civ. App.) 136 S. W. 591; Simon v. Nance (Tex. Civ. App.) 142 S. W. 663; Galveston H. & S. A. R. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Los Angeles Heights Independent School District v. Chestnut (Tex. Civ. App.) 287 S. W. 693; 32 Corpus Juris, 70. In all of the cited cases it is stated that a plaintiff may by laches deprive himself of the right to ask for injunctive relief. For instance, in the case of Galveston, H. & S. A. R. Co. v. De Groff, supra, where plaintiffs sought an injunction to restrain defendant railway company from using that part of a street in the city of El Paso lying adjacent to their hotel, and from switching cars, making up trains, and doing like things on said street near to and adjacent to said hotel, and the evidence showed that the lead tracks, upon which a complaint was made as to the operation of the trains, were constructed some years prior to the filing of the suit, and in pursuance of an ordinance passed by the city of El Paso, that said ordinance granted to said defendant railway company the right to build its tracks on said street and operate its trains thereon. The court said, quoting from the headnotes: "An action for injunction must be commenced within a reasonable time after the nuisance giving a right to prosecute it was created. One who bought hotel property on a street occupied by a railway with its switching tracks, such use being made by authority of law, and continuing for nineteen years, and for nine years after plaintiff's purchase, before action taken by the owner to enjoin the nuisance, was precluded by such failure to prosecute within a reasonable time."

Inasmuch as appellees alleged in their petition that the wrongs complained of were continuous and of daily occurrence, and that they had delayed seeking a remedy therefor by reason of the promises of the mayors and other municipal officers of the city to remedy them, we do not think that the appellees were shown to be guilty of such laches as precluded the relief granted. 14 R. C. L. p. 363, § 64.

■ The seventh proposition is that: "The injunction in this case should not have been granted for the further reason that if same is

attempted to be enforced, it will require supervision by the court and upon every alleged violation thereof, testimony will have to be heard because the effect of the order is to enjoin a future negligent act of the appellant."

Appellant cites the case of Ehlert v. Galveston, H. & S. A. R. Co. (Tex. Civ. App.) 274 S. W. 172, and it might have cited the case of Jeffers v. Rondeau (Tex. Civ. App.) 1 S.W.(2d) 380.

It will be remembered that the trial court awarded the relief granted by the temporary injunction to be "operative from and after October 1, 1928," a month and ten days after the judgment was rendered, as follows: "Restraining the defendant City of Wichita Falls during the pendency of this suit from discharging, permitting or causing to be discharged, into Wichita River, or on the banks or watershed thereof, and from its sewer system and lines, any untreated sewerage or other unclean or polluting matter, and from depositing, permitting or causing to be deposited, in said river, on the banks or watershed thereof, or on or along the public highway mentioned in plaintiffs' petition, any garbage or other waste materials, containing organic matter calculated to pollute the waters of such stream or to create noxious and offensive odors detrimental to the use and enjoyment of plaintiffs' land and property described in their petition."

Dr. A. H. Douglas, superintendent of the water and sewerage department of the city of Wichita Falls, testified, in effect, that the city owned a plant for treating garbage, and that if the garbage contained organic matter, such as scraps from hotels and residences, dead chickens, etc., it was treated in this plant and no noxious odors remained. We think that the court's order only required the city of Wichita Falls to do what the superintendent testified could be done and should be done, and that the trial court was not required to supervise the performance of its decree, as in the Ehlert Case and in the Jeffers Case, supra.

Appellant, by its 1, 2, 3, 4, 5, 6, 7, and 11 assignments of error, complains of the action of the trial court in refusing to sustain certain exceptions urged to the sufficiency of appellees' petition. These exceptions may be disposed of upon a hearing on the merits. Ordinarily, the trial judge, on a hearing on an application for a temporary injunction, is not required to pass upon defendant's exceptions to the petition. Mosel v. S. A. & A. P. R. Co. (Tex. Civ. App.) 177 S. W. 1048; El Campo Light Co. v. Water Co., 63 Tex. Civ. App. 393, 132 S. W. 868; Lane v. Jones (Tex. Civ. App.) 167 S. W. 177; Joyce on Injunctions, par. 109.

The eighth proposition is that the order authorizing the injunction is too indefinite to operate as a final judgment, and for that reason the judgment should be reversed and remanded. Appellant cites Fort Worth Acid Works v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822, and authorities cited therein. We do not think that the complaint made of the order is sustainable. In our opinion the order is sufficiently certain and definite to apprize the defendant of what is expected to be done in the treatment of its garbage.

Complaint is further made that the evidence introduced on the hearing was not sufficient to show that appellant had polluted the waters of the Wichita river so as to make the same unfit for domestic purposes, and the injunction should have been refused. We think the evidence is sufficient to sustain the judgment of the trial court that the appellant had been guilty of some of the wrongs alleged against it.

The tenth proposition is that the evidence does not show that the acts and things done by appellant were the proximate cause of the alleged injuries complained of by appellees; that such testimony shows that the alleged injuries were caused by the several acts of all the defendants, and it cannot be conclusively presumed from the testimony that the acts and conduct of appellant alone caused the pollution of said river, if same was polluted. We think the evidence does show that the acts alleged by appellees constituted the primary nuisance complained of in their petition.

Other assignments and propositions contained in appellant's brief have been examined by us, and we find no reason why the judgment below should be disturbed.

All assignments are overruled, and the judgment is affirmed.