## BERWALD'S, Inc., v. BROWN et al.
### No. 11707.

Court of Civil Appeals of Texas. Dallas.
March 3, 1934.

Elihu E. Berwald and Emil Corenbleth, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

BOND, Justice.

Appellant, Berwald's, Inc., a private corporation, filed this suit in a district court of Dallas county, to enjoin a threatening levy upon its stock of goods and fixtures, asserting that such levy would ruin its business and thus cause irreparable injury, for which it would have no adequate remedy at law. The judge, in chambers, issued an ex parte restraining order, and set the application for a temporary injunction for a hearing. Appellees' answer embraces a general denial and special allegations to the effect that appellees Margaret Turner and husband, Amsy Turner, are judgment creditors of Harry Berwald, Julius Berwald, Paul H. Berwald, and Ellis A. Rosengarten, and to effect a collection of their judgment sought a writ of execution and placed same in the hands of appellee Louis Brown, constable; that the corporation, Berwald's, Inc., was organized and chartered for the sole purpose of defrauding creditors, to conceal the true owners of the business, and to hinder the collection of the Turner judgment; that the judgment debtors Harry Berwald, Paul H. Berwald, and Ellis A. Rosengarten are the owners of said business, and the property was transferred to the corporation for the sole purpose of placing it beyond the reach of their creditors; and, further, moved to dissolve the temporary restraining order and to deny a temporary injunction, which, on hearing, the court granted.

The question before us is: Did the court below err in refusing to hold the matter in controversy in statu quo pending a hearing on the merits? A temporary injunction is mere-

ly a provisional remedy allowed by the court before trial of the case on its merits, for the sole purpose of preserving the subject-matter of the controversy as it existed at the time the suit was instituted. In other words, a temporary injunction merely preserves the statu quo until final hearing. It is a preliminary and ancillary writ to a suit for permanent relief, restraining the doing of an alleged unlawful and wrongful act, the consequence of which would be irreparable injury, for which the aggrieved party would have no adequate remedy at law. Unless the record discloses, either by pleading or evidence, that there exists a lack of law or equity, on which reasonable minds may not differ as to its effect, the petitioner is entitled to such ancillary writ, and the court would be unauthorized, in refusing to hold the matter in controversy, pending an ultimate determination of the issues. In this case, we are of opinion that the pleadings and evidence raise the issue as to the ownership of the property, threatened to be taken by a writ of execution, and disclose equitable grounds for injunctive relief independent of all legal remedies. A discussion of the testimony involved in the contentions of the parties, as a basis for the court's refusal to grant the temporary injunction and a discussion of the various fact findings and conclusions of the trial court, as finding no support in the testimony, might be pertinent, if this were an appeal from a final trial, but we cannot see its usefulness here, in view of the fact that the case is to be heard on its merits, so we pretermit a discussion of the assignments raising the issues.

■ Appellees contend that the injunction was properly refused, for the reason that there exists a complete, full, and adequate remedy at law, in that, under the statute (R. S. 1925, art. 7402 et seq.) providing a procedure for the trial of the right of property, appellant is relegated to the provisional remedy of a claimant's oath and bond. We are of opinion that, in a suit involving only the issue as to the ownership of personal property, taken by writs of execution, attachment, or other like writs, considered of itself and standing alone, a statutory remedy is exclusive, but, where the taking of personal property by such writs is attended by circumstances that are, or may be, prejudicial to the claimant, for which he has no specific statutory remedy, but is left exclusively to a common-law action for damages, then the statute (article 4642 R. S. 1925) making the principles and practice of equity applicable is not in conflict with the statutory remedy. It was not the intention of the Legislature, in enacting the injunction statutes, that there should be two remedies, one at law and the other in equity, but, in our blended system of practice, both may be joined in the same cause of action, and the equitable jurisdiction of our courts extends to matters which might be otherwise beyond provisional statutory powers.

■ There is some uncertainty in the decisions on the question as to whether the adoption of the present injunction statutes changed the rule that injunctions will not issue so long as there is available an adequate legal remedy. In the case of Ferguson v. Herring, 49 Tex. 126, our Supreme Court, in sustaining the action of the trial court, in dissolving an injunction, held that "there was no error, for the petition exhibited no good reason why the plaintiff did not resort to his legal remedy by affidavit and claim bond to try the right to the property levied on; or if the property was not in fact levied on by the sheriff, as it is alleged in the petition, he did not need, and was not entitled to, any remedy, either legal or equitable." The case involved only the taking or the threat to take cotton, unattended by any other circumstance as to cause damage or hurt to the one in possession. The value of the cotton was the only element of damage which the applicant for injunction could have suffered. The applicability of the rule thus announced was made prior to the enactment of the injunctive statutes; yet there are numerous decisions of recent date which follow the rule above quoted, and hold that injunctive relief is unauthorized if there is an adequate legal remedy. Woman's Club of Ysleta v. Hutchins (Tex. Civ. App.) 40 S.W.(2d) 960 (denying mandatory injunction to replace a division fence on a disputed strip because of the adequacy of trespass to try title and sequestration); Smiley v. City of Graham (Tex. Civ. App.) 37 S.W.(2d) 289; Jowell v. Carnine (Tex. Civ. App.) 20 S.W.(2d) 1087; Head v. Commissioners Court (Tex. Civ. App.) 14 S.W.(2d) 86; Gates v. Pitts (Tex. Cix. App.) 291 S. W. 948 (injunction to prevent eviction from homestead by legal process). So, in the case at bar, if the only issuable fact presented by the record was the undisturbed possession of the personal property, and the damages, if any, which the possessor may suffer is only measured by its value, then we would be constrained to hold that the rule announced would be applicable; but such is not the case. The record shows that appellant is operating a business; thus the levy of the execution on its stock of goods and fixtures necessarily would involve not only the value of the property sought to be taken, by the writ of execution,

but incidental damages for the closing of its storehouse and the ruining of its business; thus the damage flowing from the levy is not alone measured by the value of the property, but is based upon many contingencies, difficult of ascertainment in an action at common law, which, in a strictly legal sense, may be adequate, but ofttimes inadequate.

In effect is the dictum of the Supreme Court in Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, cited and approved in Southwestern T. & T. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Republic Ins. Co. v. O'Donnell Motor Co. (Tex. Civ. App.) 289 S. W. 1064, citing many cases. In the Sumner-Crawford Case, the trustee had a legal remedy, as here, a proceeding for the trial of right of property, and also an incidental claim for damages, for which the provisional statutes afforded no redress. In the Southwestern, etc.—Smithdeal Case, the appellee had an adequate legal remedy for damages, based upon the value of trees destroyed, also an incidental claim for sentimental and ornamental value of the trees for which he had no such remedy; in the Republic-O'Donnell Case, the aggrieved party had a legal right to try the issues involved in a pending suit, and also had an equitable ground independent of his legal remedy. The pivotal question in these and many other cases is whether the available legal remedy is adequate, full, and complete for the entire relief sought? If any phase of the litigation involves a cause of action for which there is no specific legal remedy, then a court of equity has jurisdiction to grant injunctive relief.

It is no answer to say that appellant has an adequate remedy at law, in that he could have filed the proceedings for the trial of the right of property, and leave the element of damages, incident to the closing and ruining of his business, to a common-law action for damages, for the reason such would involve the bringing of separate and independent suits, productive of multiplicity and vexation.

Under the facts alleged, we cannot, with that sufficient degree of certainty that should control in matters of this kind, see that the equities require that the possession of the property should not be retained by appellant, pending the determination of the issues involved. The conclusion is based upon the proposition that the ownership of the property prima facie rests with the one who has possession, and where wrongfully taken such owner would be deprived of his possession and suffer damages, for which he would have no adequate remedy at law. The equities of the situation rest with him whose possession is thus wrongfully disturbed, and, in order to hold the matter in statu quo, a court of equity, in the exercise of its power to prevent a wrong, will, by a temporary writ of injunction, stay an execution, so that the status of the parties will rest until their ultimate rights are determined through a full hearing on the merits.

We therefore conclude that, because of the error in refusing the temporary injunction, the judgment of the district court should be reversed and the cause remanded, with instruction to issue a temporary injunction, until this cause shall have been fully determined agreeably to the rules of law applicable to the issues presented on the facts, and it is so ordered.

Reversed and remanded, with instructions.