## WALTER CONNALLY & CO. v. BROWNING.
### No. 11833.

Court of Civil Appeals of Texas. Dallas.
June 2, 1934.

McDonald & Smith, of Tyler, for appellant.

R. H. Sigler, of Athens, for appellee.

BOND, Justice.

This is an appeal from an order of the county court of Henderson county overruling appellant's motion to dissolve a temporary injunction, restraining the sale of personal property levied upon by a writ of execution issued out of a justice court of Smith county in favor of the judgment creditor, Walter Connally & Co., and against the judgment debtor, T. C. Browning, to satisfy a judgment in the sum of $73.83.

The injunction was granted on appellee's petition, alleging that the property levied upon and threatened to be sold was the property of the relator, J. H. Browning, and that the sale of the property would cause him "irreparable injury and damage, and for which he had no adequate remedy at law." Appellant's answer, under oath, embraces a general denial, and specifically attacks the ownership of the property as being in J. H. Browning, and sought the dissolution of the temporary injunction. The court, without the hearing of evidence and on the allegations of the petition, overruled appellant's motion to dissolve. This appeal is predicated on the contention that the petition is insufficient for the injunctive relief; thus the court erred in overruling appellant's motion to dissolve. We agree with the contention of appellant.

The petition does not disclose how and in what manner the relator will suffer irreparable injury by the levy of the execution and the sale of the property. The averment that he will do so is merely a conclusion of the pleader, finding no support whatever in the petition. The ownership of the property is the only issue raised by the petition, for that he has a clear and adequate statutory remedy (article 7402 et seq., R. S.).

In the case of Berwald's, Inc., v. Brown, 69 S.W.(2d) 221, 222, we had occasion to state our view in a case of this nature; i. e., "It was not the intention of the Legislature, in enacting the injunction statutes, that there should be two remedies, one at law and the other in equity, but, in our blended system of practice, both may be joined in the same cause of action, and the equitable jurisdiction of our courts extends to matters which might be otherwise beyond provisional statutory powers." In the case at bar, no reason is shown why appellee did not resort to his legal remedy by affidavit and claim bond to try the right to the property levied upon; the case involves only the taking of personal property unattended by any other circumstance as to call for the exercise of the equitable jurisdiction of the court; thus injunctive relief is unauthorized; he has the provisional statutory remedy to try the right to the property taken under the writ of execution.

We therefore conclude that the trial court erred in granting the injunction and in refusing appellant's motion to dissolve. Judgment of the lower court is reversed and here rendered, dissolving the injunction.

Reversed and rendered; injunction dissolved.