## HERNDON v. COCKE.
### No. 3917.

Court of Civil Appeals of Texas. El Paso. Feb. 23, 1940.

James W. Paulk and Hazel & Ruhmann, all of Alice, for appellant.

Lloyd & Lloyd, of Alice, and Emmett B. Cocke, of San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from the order of the District Judge of Jim Wells County granting, after hearing, a temporary injunction. The injunction in terms enjoined the appellant, J. L. Herndon, and C. W. Price, as sheriff, from selling or offering for sale merchandise, furniture, or person-.al property constituting the stock in trade or fixtures of a drug store in Alice, Texas, ·under a writ of execution issued out of the District Court of Zavala County, and further from withholding the possession of said property in the store from appellee, A. T. Cocke. Prior to the issuance of this injunction Price, as sheriff, at the instance of appellant, had levied the writ of execution referred to in the order upon the property described therein as the property of L. C. Cocke, and incidental to the levy was holding same in the storeroom where same was situated. The writ of execution ran in favor of appellant and against L. C. Cocke, and was for the amount of $1,367, interest and costs.

Appellee's petition alleged the levy of the writ and that the property levied upon was his property and not of execution defendant in the writ. It was further alleged that at the time of the seizure the property was being used by appellee in the operation of a drug store in the City of Alice; that by the seizure of said property and retention of the storeroom, the business was completely closed; further, that the sheriff was threatening to sell the property under the writ and would do so unless restrained, to appellee's irreparable damage; that the sheriff was holding posses-

sion of the store and the contents. Damages were alleged, including loss of profits, loss of good will, and losses as to such elements in the future. The action of defendants was alleged to be wilful and arbitrary. The amount of damages was alleged at $2,000, but the petition does not allege the value of the property seized. After service of the notice to show cause appellant and his co-defendant, Price, answered. The answers were practically the same. In substance they consisted of a general exception, various special exceptions, and a plea to the merits that the property involved was the property of the execution defendant in the writ and not that of appellee. Further, that if the property was the property of appellee, that appellee and the execution defendant had both represented the property to be that of said defendant prior to the levy of the execution, and appellee was now estopped to assert ownership in the property.

A hearing was had in vacation, and on same the general and special exceptions of appellant and his co-defendant were overruled and the temporary injunction in terms as above indicated granted. Appeal was perfected by J. L. Herndon, the plaintiff in the writ of execution and defendant here.

■ It is urged that, the petition not disclosing the value of the property levied upon, the court was without jurisdiction to grant the temporary injunction. The petition does not show the value of the property. However, the petition does not show that the matter was within the original jurisdiction of any other court. The law is, we think, that if it does not so show it is sufficient to sustain the jurisdiction. Gamel v. Smith et al., 3 Tex.Civ. App. 22, 21 S.W. 628; Cotton v. Rea et al., 106 Tex. 220, 163 S.W. 2.

■ The general effect of the injunction granted was to give the plaintiff, as a substitute for the remedy provided in Article 7402, R.S.1925, a sort of equitable right of trial of property. The injunction bond in effect stood in the place of the bond required by Article 7403. In our opinion it had the effect of preventing a waiver of damages for seizure, as would have been the case had the proceeding been under 7402 and related articles.

■ Appellant urges that plaintiff's allegations as to irreparable injury and the lack of adequate legal remedy are insufficient to sustain the injunction. Irreparable injury and lack of legal remedy as conclusions are alleged many times in the petition of appellee. The factual base justifying these conclusions as alleged is that the property when seized, constituted the fixtures and stock in trade of a drug store which was then being operated by appellee, and that the seizure and retention of the property would destroy and did to an extent such going business. The value of the drug store as a going concern is not stated in the petition. Value of the good will is not averred, or that the drug store was or could be operated profitably. There is the allegation, however, that the damages to date had been the sum of $2000. It is not stated that the defendants were unable to respond in damages. If the legal remedies available to appellee were not sufficient to afford relief, this fact must be inferred from the averred facts as have been narrated above. We believe that the allegations were sufficient to justify the injunction to the extent at least of preventing the sale. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Berwald's, Inc., v. Brown et al., Tex.Civ.App., 69 S.W.2d 221.

We are likewise of the opinion that such allegations were necessary to justify the issuance of an injunction. West Texas Utilities Co. v. Farmers' State Bank, Tex. Civ. App., 68 S.W.2d 648.

■ That part of the injunction ordering the restoration of the goods to the possession of appellee presents a matter of some difficulty. It is clear that under the writ from the District Court of Zavala County there was no right to take possession of the storeroom. However, as to the other property the effect of the injunction as granted was to terminate the rights acquired by appellant by virtue of the levy. If the property was the property of L. C. Cocke, appellant, by virtue of the levy, acquired a lien thereon. Kanaman v. Hubbard, 110 Tex. 560, 222 S.W. 151. The continued possession of the property by the sheriff to be dealt with as the law provides in such cases was perhaps necessary to the continued existence of this lien. See Turley v. Brewster, 33 Tex. 188. Furthermore, if the property of L. C. Cocke had been seized under a writ of execution from the Zavala District Court it might amount to an interference with the process of that court. We do not mean to hold that it is not within the jurisdiction of a court to enjoin a sale of property seized by the process of another court

where the property is not subject to seizure under the writ. This jurisdiction has been exercised many times. The order here is broader than merely enjoining the sale. It releases a levy.

In the case of Sumner v. Crawford, supra, the seizure of the property was clearly unlawful. There partnership property had been seized for the individual debt of a partner, when the levy should have been by notice. In Berwald's Inc., v. Brown, supra, the property had not been seized and the injunction was not mandatory, but preventive.

Here, appellee, by giving bond in the sum of $1000, obtained possession of property which, had he pursued his remedy of trial of right of property, he could not so obtain without giving bond in double the amount assessed by the sheriff. The value of the property is not shown by the pleadings of the parties nor the statement of facts. There is an averment in the cross action of appellant that same did not equal the amount called for in the execution writ.

On the other hand, the mandatory portion of the injunction was perhaps the only way to protect a going business pending a final trial. It is clear that appellant is in no position to complain of the awarding of the storeroom to the possession of appellee.

However, the property has been taken from the custody of the sheriff and possession thereof awarded to appellee. The question is perhaps moot. A dissolution or modification of the injunction in this respect at this time would perhaps be of no value to appellant. Part of the property at least was a stock of goods, the very purpose of the injunction being that same might be sold in the regular course of trade.

It appears by the briefs that the property of L. C. Cocke is now under the jurisdiction of the bankruptcy court.

It is complained, further, that the court erred in refusing the timely motion of appellant to fix the amount of the supersedeas bond. This question is also moot. If this was error, it cannot be remedied now. The function of a supersedeas is to suspend the execution of the judgment pending appeal.

In our opinion the questions on the exceptions, general and special, are still open to the ruling of the trial court. The general exception, and perhaps some of the special exceptions, presented matters in bar and could only be ruled upon in term time. Mosel v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 177 S.W. 1048; El Campo Light Co. v. Water Co., 63 Tex.Civ.App. 393, 132 S.W. 868; Lane v. Jones, Tex.Civ.App., 167 S.W. 177; City of Wichita Falls v. Whitney, Tex.Civ.App., 11 S.W.2d 404.

On the whole case we believe that the appeal should be dismissed as presenting moot questions. It is clear to us that the injunction preventing the sale and commanding a return of the storeroom was in the discretion of the court; we are not so sure as to that portion in effect commanding the return of the personal property.

The appeal is dismissed for the reason that the questions tendered are now moot.