**Kim ANDERSON, Relator,**

v.

**The Honorable Sue LYKES, Respondent.**

**No. 05–88–01090–CV.**

Court of Appeals of Texas, Dallas.

Nov. 28, 1988.

Gregg A. Cooke, Larry L. Martin, Dallas, for relator.

M.J. ("Ike") Vanden Eykel, Dallas, for real party in interest.

Before WHITHAM, BAKER and KINKEADE, JJ.

BAKER, Justice.

In this original proceeding, relator Kim Anderson moves this Court to require Judge Sue Lykes to set aside her order dismissing, for want of jurisdiction, relator's application for a turnover order. We conditionally grant the writ.

In December 1987, the 303rd District Court granted a judgment in the approximate sum of $49,000.00 in favor of relator and against Michael Anderson, the real party in interest. Michael Anderson's appeal of that judgment is currently pending in this Court.

Michael Anderson did not supersede that judgment, and subsequently relator filed an application for turnover order under the provisions of section 31.002 of the Texas Civil Practice and Remedies Code. When the application was called for hearing, respondent, after argument of counsel, concluded she did not have jurisdiction to proceed with the application; and on August 10, 1988, she entered an order dismissing

relator's application for want of jurisdiction. This order is the subject of this mandamus.

The dispute before us involves the question of whether the trial court that rendered the judgment has jurisdiction to entertain relator's application for turnover order or whether jurisdiction lies only in this Court because of Michael Anderson's appeal from the judgment itself.

Relator contends that the trial court has jurisdiction to enforce its judgment during the appeal and that respondent abused her discretion by failing to exercise that jurisdiction and conduct the hearing as requested by relator. Michael Anderson contends that the decision to grant turnover relief is discretionary with respondent, who exercised her discretion not to proceed, and that relator has failed to demonstrate that respondent committed a clear abuse of discretion or violated a duty imposed upon her by law. Michael Anderson argues that respondent's jurisdictional ruling is neither arbitrary nor unreasonable because it is supported by the Texas Supreme Court's decision in *Ex parte Boniface*, 650 S.W.2d 776 (Tex.1983). *Boniface* holds that "after the jurisdiction of the appellate court has attached, the proceedings for enforcement must be instituted in that court rather than in the trial court." *Boniface*, 650 S.W.2d at 778. For reasons set forth below, we consider *Boniface* distinguishable from the case at bar.

Relator's application for turnover was filed pursuant to the Texas Civil Practice and Remedies Code, which provides:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2) otherwise apply the property to the satisfaction of the judgment; or

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c) The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d) The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e) The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986).

The statute was clearly enacted for the benefit of judgment creditors in order to aid in satisfaction of a judgment in a timely manner. *Schliemann v. Garcia*, 685 S.W. 2d 690 (Tex.App.—San Antonio 1984, no writ). The statute is commonly referred to as the "turnover statute" because, under its terms, the court may order a judgment debtor to turn over nonexempt property for purposes of execution. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(b)(1) (Vernon 1986).

A judgment creditor has a statutory right to have execution issue to enforce a judgment pending appeal where no supersedeas bond has been filed or approved. TEX.R.CIV.P. 627; *Merrell v. Fanning & Harper*, 597 S.W.2d 945, 950 (Tex.Civ.App.—Tyler 1980, no writ). Likewise, at any time after rendition of judgment and so long as said judgment has not been suspended by a supersedeas bond, the judgment creditor may, for the purpose of obtaining information to aid in enforcement

of such judgment, initiate and maintain in the trial court in the same suit in which the judgment was rendered any discovery proceeding authorized by the rules of civil procedure for trial matters. TEX.R.CIV.P. 621a. Also, for purposes of garnishment, a judgment is deemed final and subsisting from and after the date it is signed, unless a supersedeas bond shall have been approved and filed in accordance with Rule 47 of the Texas Rules of Appellate Procedure. TEX.R.CIV.P. 657.

■ In each of these instances, aid in enforcement of a judgment is available in the trial court even pending the appeal of *the judgment unless a supersedeas bond* has been filed. In the case before us, the relief requested by the relator is available to her by the express mandate of the legislature when it enacted the provisions of section 31.002. In our view, *Boniface* is an exception to the general rule that the trial court can enforce its judgment pending appeal, and it should be narrowly restricted to the facts in that case. *See Sullivan v. Sullivan*, 719 S.W.2d 239 (Tex.App.—Dallas 1986, no writ); *Bivins v. Bivins*, 709 S.W.2d 374 (Tex.App.—Amarillo 1986, no writ); *Martin v. O'Donnell*, 690 S.W.2d 75 (Tex.App.—Dallas 1985, orig. proceeding). We conclude and hold that the pendency of an appeal does not suspend the right of a judgment creditor to seek aid in the trial court to enforce a judgment under the provisions of section 31.002 unless that judgment is superseded.

■ Mandamus will lie to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law and when there is no other adequate remedy at law. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). In the absence of an adequate remedy on appeal, mandamus will lie when a district court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. In these instances, the trial court's discretion is not invoked, and its failure to comply with the mandatory provision renders its order or judgment void. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 834 (Tex.1980); *see also State*

*ex rel. Petit v. Thurmond*, 516 S.W.2d 119, 121 (Tex.1974).

■ In the case before us, the code provides: "A judgment creditor is entitled to aid from a court of appropriate jurisdiction ... in order to ... obtain satisfaction on the judgment [from the judgment debtor]," and "the judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding." TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(a), (d) (Vernon 1986). We conclude the trial court is not only a court of appropriate jurisdiction, but because of the nature of the relief requested, it is the court of *most* appropriate jurisdiction. *See Sullivan*, 719 S.W.2d at 239.

■ Under the plain language of the section invoked, the judgment creditor may move for aid in enforcement of the judgment in the same proceeding in which the judgment was rendered. This provision calls for no discretion. It calls for no judicial decision. It is clear and unambiguous and mandates what the trial court must do upon application of a judgment creditor. We hold that where a statute confers a right that is mandatory, the trial court's discretion is not invoked, and respondent's failure to comply with the mandatory provisions of the code renders her order void. *See Heard*, 603 S.W.2d at 834.

■ We also conclude under the facts and circumstances of this case that there exists a lack of a clear and adequate remedy at law by a normal appeal. The right of appeal from the trial court's adverse order on relator's application for a turnover is inadequate and not commensurate with the relief to which she is entitled—that is, upon hearing, the right to have nonexempt assets owned by the judgment debtor turned over to her for satisfaction of the unsuperseded judgment. There must exist not only a remedy by appeal, but the appeal provided for must be competent to afford relief on the very subject matter of the application, equally convenient, beneficial, and effective as mandamus. *See Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 439

(1959). We hold under the facts and circumstances of this case, relator does not have an adequate remedy at law.

We conditionally grant relator's petition for writ of mandamus, direct respondent to vacate her order of August 10, 1988, dismissing relator's application for turnover order, and direct respondent to conduct a hearing on the application. We are confident that respondent will proceed accordingly, but, if she does not, the writ shall issue.