790 S.W.2d 93 (1990)
TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Relator,
v.
The Honorable Roy ENGELKE, Judge of the 10th Judicial District Court, Galveston County, Texas Respondent.
No. 01-90-00397-CV.
Court of Appeals of Texas, Houston (1st Dist.).
May 16, 1990.
*94 Mike Phillips, Houston, for relator.
Michael Atkinson, Conroe, for respondent.
Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.
EVANS, Chief Justice.
Relator seeks leave to file a writ of mandamus, directing respondent, the Honorable Roy Engelke, Judge of the 10th Judicial District Court of Galveston County, Texas, to vacate an order dated April 27, 1990, which granted the motion of the judgment creditor, Howell Puckett, Jr., the real party-in-interest, to release funds seized by the sheriff of Dallas County under writ of execution, and which required said funds to be turned over to the judgment creditor pursuant to the court's earlier turnover order. Relator also asks for a writ of prohibition preventing the respondent judge from entertaining any further attempt by the judgment creditor to turn over the disputed funds, and asks this Court to enjoin the judgment creditor, his attorneys and agents, from any further attempts to collect the funds seized under the writ of execution and turnover order or to otherwise attempt to enforce the trial court's judgment.
The essential facts are undisputed. The trial court entered judgment in favor of the real party-in-interest, Howell Puckett, Jr., for the sum of $1,922,577, and relator thereafter perfected its appeal to this Court. Relator then asked the trial court to allow it to suspend execution of the judgment by posting a supersedeas bond in the amount of $0, which request the trial court denied. Instead, the trial court granted the request of the judgment creditor for a turnover of assets to satisfy the judgment. The judgment creditor then sought writ of execution to enforce the judgment.
On April 17, 1990, at 8:33 a.m., the trial court issued a writ of execution. At 2:00 p.m. that same day, the sheriff of Dallas County executed the writ. At 2:30 p.m., relator issued a letter directing its bank to *95 issue a cashier's check in the amount of $1,991,119 to the sheriff of Dallas County. The cashier's check was immediately deposited in the account of the sheriff of Dallas County. On April 20, 1990, the sheriff of Dallas County issued a check in the amount of the judgment, less the sum of $10,000, representing its commission fee, and sent the check via Federal Express to the district clerk of Galveston County. On April 23, 1990, the district clerk received the check and deposited the money in the registry of the court. The judgment creditor then filed a motion for delivery of the money collected under the judgment, and on April 27, 1990, the court granted the order that the relator now seeks to have this Court vacate.
Relator contends, in effect, that it made a good faith effort on April 17, 1990, to timely file its supersedeas bond with the district clerk in Galveston County but that the judgment creditor informed the district clerk that the supersedeas bond was defective because, among other reasons, it was in the amount of the judgment only, and did not obligate the surety to pay interest and costs. See National Convenience Stores, Inc. v. Martinez, 763 S.W.2d 960 (Tex.App.Houston [1st Dist.] 1989, no writ); Tex.R.App.P. 47(b). Relator contends, therefore, that it did not have sufficient time to revise the bond and secure the required signatures before the Sheriff of Dallas County executed the judgment by levying on relator's back account. Relator submits that it later filed, on April 19, 1990, a valid supersedeas bond with the Galveston County district clerk, and that this bond was sufficient to supercede the enforcement process, and to preclude the turnover of the funds that had been seized by the sheriff. Relator argues that this bond had the effect of suspending all "further proceedings," including the court's distribution of the seized funds placed in its registry.
We overrule relator's contention. A judgment creditor has a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed. Anderson v. Lykes, 761 S.W.2d 831, 833 (Tex.App.Dallas 1988, orig. proceeding); Elliott v. Lester, 126 S.W.2d 756, 758 (Tex. Civ.App.Dallas 1939, no writ); Bryan v. Luhning, 106 S.W.2d 403, 404 (Tex.Civ. App.Galveston 1937, no writ). Thus, the pendency of an appeal does not suspend the judgment creditor's right to seek the aid of the court through execution or the entry of a turnover order. The fact that a judgment debtor is financially unable to file such bond does not destroy this statutory right. Elliott, 126 S.W.2d at 759; Bryan, 106 S.W.2d at 404.
Neither does Texas Rule of Appellate Procedure 47(j) support relator's contention. That rule simply provides that an "issued" writ of execution, will be suspended by valid supersedeas bond. We have no quarrel with that proposition; it has always been the rule. Here, however, we are faced not with the issuance of an execution, but with the levy of the execution. As noted, it is at this point, the time of the levy, that the judgment lien is fixed.
Relator does not challenge the validity of either the judgment execution or the levy thereunder. A valid levy of an execution creates a lien on the debtor's property in favor of the judgment creditor, Herndon v. Cocke, 138 S.W.2d 298, 300 (Tex.Civ.App. El Paso 1940, no writ), which in the case of personal property is prima facie evidence of satisfaction of the execution. Cornelius v. Burford, 28 Tex. 202, 206 (1866); Bryan's Adm'r v. Bridge, 10 Tex. 149, 151 (1853). This lien is effective from the time of the levy and continues in effect until it is lost or abandoned, or in some way ceases to have vitality and effect. Borden v. McRae, 46 Tex. 396, 400 (1877).
In this case, the judgment creditor's lien attached at the time the sheriff of Dallas County levied under the judgment execution. Relator's later filing of the supersedeas bond did not, and could not, have vacated the fixed rights of the judgment creditor to the proceeds seized pursuant to the levy. The seized funds remained "custodia legis," in the hands of the seizing officer, and thereafter in the registry of the court, pending distribution of such *96 funds to the judgment creditor. Thus, the Sheriff of Dallas County acted simply in a ministerial capacity, as an officer of the court, in returning the seized funds to the District Clerk of Galveston County.
When relief is sought from a trial court's order by way of writ of mandamus, relator must show either that the action of the trial judge is an abuse of discretion or that the action violates a clear duty under law, and that there is no adequate remedy by appeal. Ryland Group, Inc. v. White, 723 S.W.2d 160, 161-62 (Tex.App.Houston [1st Dist.] 1986, orig. proceeding). In this case, relator has not provided us with a transcript of the proceedings on the hearing on the judgment creditor's motion for delivery of the funds. It was relator's burden to provide an adequate record for our review, The Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex.1968); Tex.R. App.P. 50(d), and in the absence of a transcript, we cannot determine whether the trial court's ruling constituted an abuse of its discretion. Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987).
We accordingly deny relator's petition to file a writ of mandamus, prohibition, and injunction.
The trial court's order of April 27, 1990, granting the motion of the real party-in-interest to release the funds seized by the sheriff of Dallas County, is stayed until 5:00 p.m., May 25, 1990, in order for relator to seek review of our holding in the Texas Supreme Court.
DUGGAN, Justice, dissenting.
I respectfully dissent.
The net result of the majority's decision is to hold that a writ of supersedeas comes too late to protect a judgment debtor when it is posted after a sheriff levies under a writ of execution, seizes funds, and delivers them to the district clerk, all as required by the terms of the writ of execution, but before the clerk delivers the funds to the judgment creditor. I would hold: (1) that the directions and procedures contained in the writ of execution here involved made it a process, not an event; (2) that prior to the time relator filed its supersedeas bond and obtained its writ of supersedeas, the execution process was not completed according to the specific, multi-stepped provisions required by this particular Galveston County writ of execution; and (3) that relator's writ of supersedeas suspended the execution process.
In deciding that levy and seizure, not delivery of seized property, finalizes the execution process, I believe the majority misinterprets the wording and effect of rule 47 of the Texas Rules of Appellate Procedure, entitled "Suspension of Enforcement of Judgment Pending Appeal in Civil Cases." Rule 47(j) states:

Effect of Security. Upon the filing and approval of a proper supersedeas bond... execution of the judgment or so much thereof as has been superseded, shall be suspended, and if execution has been issued, the clerk shall forthwith issue a writ of supersedeas.
TEX.R.APP.P. 47(j).
I interpret rule 47(j) to establish a relationship between the supersedeas bond and "execution of the judgment," on the one hand, and the writs of execution and supersedeas, on the other. Rule 47(j) states that where a supersedeas bond has been filed and approved, execution of the judgment "shall be suspended." It further provides that where a writ of execution already has been issued, the clerk "shall forthwith issue a writ of supersedeas." In short, a supersedeas bond stops execution, and a writ of supersedeas stops a writ of execution. The rule contains no language of exemption for a writ of execution that has already been levied.
I do not dispute the majority's statement citing Herndon v. Cocke, 138 S.W.2d 298, 300 (Tex.Civ.App.El Paso 1940, no writ), that a levy of execution creates a lien on the debtor's property in favor of the judgment creditor. However, nothing in that 50-year-old decision states that the judgment creditor's protection under the lien is not satisfactorily replaced by a valid supersedeas bond. The majority assumes the issue to be decided when it states, with no *97 citation to authority, that the judgment debtor's/relator's "later filing of the supersedeas bond did not, and could not, have vacated the fixed rights of the judgment creditor to the proceeds seized pursuant to the levy." What fixed rights? Why not? If levy and seizure under a writ of execution settle a judgment debtor's and creditor's rights, why do we find no statement to that effect in the rules of civil and appellate procedure that regulate supersedeas?
Further, I conclude that none of the case law cited by the majority holds that a judgment creditor's lien, which attached under a writ of execution, aborts or preempts a writ of supersedeas filed after levy of execution, but before delivery of seized property to the judgment creditor. In Anderson v. Lykes, 761 S.W.2d 831, 833 (Tex.App.Dallas 1988, orig. proceeding), cited by the majority, there was no supersedeas involved at any stage of execution. Rather, it addressed the question of whether a trial court that rendered a money judgment had jurisdiction to entertain the judgment creditor's application for turnover relief, or whether jurisdiction for that purpose lay only in the court of appeals to which an appeal had been perfected. Id. at 833. In dicta, Anderson held that a judgment creditor has a statutory right "to have execution issue to enforce a judgment where no supersedeas bond has been filed or approved." Id. (emphasis added). It did not address the effect of a writ of supersedeas that is issued during the execution process and before the property seized by the sheriff and delivered to the clerk is turned over to the judgment creditor.
In Elliott v. Lester, 126 S.W.2d 756 (Tex. Civ.App.Dallas 1938, no writ), also cited, the issue was whether a near-insolvent insurer, which had defended a trucking firm in a motor bus collision, could serve as its own surety for an additionally required supersedeas bond. It did not deal with whether a levy under execution negates a supersedeas bond that is in place before funds are delivered to a judgment creditor.
I would hold that relator's writ of supersedeas was effective to supersede the writ of execution during its progress, and would grant relator's motion for leave to file a writ of mandamus, prohibition, and injunction.