TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00247-CV






Stephen C. Kuhns, Appellant



v.



Donald F. Carnes, Trustee of the Frances P. Kuhns Trust, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 5860, HONORABLE HOWARD S. WARNER, JUDGE PRESIDING 







 Donald Carnes, as trustee of the Frances P. Kuhns irrevocable inter vivos trust (the
"trust"), initiated this eviction action in the Justice Court Precinct 4 of Hays County seeking
possession of a five-acre tract of residential real estate (the "property") from Stephen Kuhns. 
After the justice court awarded possession of the property to Carnes, Kuhns appealed the ruling
to the county court at law. Following a trial de novo, the county court at law granted summary
judgment in favor of Carnes and awarded Carnes his attorney's fees. Kuhns, pro se, appeals
raising five issues contending that the county court at law erred by granting summary judgment,
awarding Carnes his attorney's fees and ruling in favor of Carnes on other post-judgment motions. 
We will reverse the award of attorney's fees to Carnes and render judgment that Carnes take
nothing on that claim and affirm the remaining portions of the county court at law's judgment.




Background


 This is another case involving the same residential property that has been at issue
in three other cases before this Court. (1) The property was purchased in 1987 by MBank El Paso
acting in its capacity as trustee of the trust. The trusteeship of the trust passed through several
corporate trustees until 1992, when Carnes was appointed trustee by order of the Travis County
Probate Court. After Carnes settled the trust's debts and paid expenses, the property was the only
remaining asset of the trust. Although earlier the trust began building a house on the property and
paid a portion of the construction costs, the house has not been completed due to a lack of trust
funds. Despite its unfinished state, Kuhns has been residing in the house. 

 In September 1994, the taxing authorities sued to recover delinquent property taxes. 
Kuhns attempted to intervene in the suit but his plea in intervention was stricken and he was
dismissed by the district court. Ultimately, Carnes and the taxing authorities reached a settlement
and the district court signed an agreed judgment. Kuhns appealed his dismissal, and this Court
dismissed the appeal for lack of jurisdiction. See Kuhns v. Dripping Springs Indep. Sch. Dist.,
No. 03-97-722-CV (Tex. App.--Austin April 16, 1998, no pet.) (not designated for publication). 



 Since the probate court appointed Carnes as trustee, Kuhns has continually denied
Carnes's authority over the property. As a result, on October 24, 1996, Carnes asked the probate
court for clarification of his trustee duties listed in the trust document and specifically his authority
over the property. Almost a year later, Kuhns filed a declaratory-judgment action in the district
court of Hays County against Carnes, the predecessor successor trustee, and the individual
attorneys and their law firms that represented the taxing authorities in the property-tax suit. 
Kuhns asked the Hays County district court to declare that he was the sole owner of the legal and
equitable title to the property.

 On October 10, 1997, the probate court signed a declaratory judgment that stated
Carnes, as trustee, owned the property, Kuhns possessed no interest in the property, Carnes could
ask Kuhns to leave the property for any reason at any time, and Carnes had the authority to sell
the property at any time so long as it was in the trust's best interest. This Court has today
modified the probate court's judgment holding that Kuhns possesses an equitable interest in the
property without a right to possession and that Kuhns's equitable interest will not prevent Carnes
from asking Kuhns to leave the property or from selling the property should Carnes determine that
a sale is in the trust's best interest. See Kuhns v. Carnes, No. 03-97-721-CV (Tex. App.--Austin,
September 10, 1999, no pet. h.) (not designated for publication).

 In the declaratory-judgment action filed by Kuhns in Hays County, the defendants
filed pleas to the jurisdiction and pleas in abatement. They contended that by virtue of Carnes's
suit filed in the Travis County Probate Court, that court had dominant subject-matter jurisdiction;
and, alternatively, the probate court had dominant jurisdiction pursuant to the Texas Probate Code
section 5A(b) and (c) because the issues raised in the Hays County lawsuit were incident to an
estate. See Tex. Probate Code Ann. § 5A(b) & (c) (West Supp. 1999). The Hays County district
court granted the defendants' pleas to the jurisdiction and pleas in abatement, and dismissed
Kuhns's case. This Court has today affirmed the dismissal. See Kuhns v. Bank One, Texas, N.A.,
No. 03-98-177-CV (Tex. App.--Austin 10, 1999, no pet. h.) (not designated for publication).

 In November 1997, Carnes, was once again faced with the trust's inability to pay
the property taxes, insurance and other property-maintenance expenses. Kuhns also failed to pay
these expenses himself. Carnes gave Kuhns a four-week notice to vacate the property so that
Carnes could market and sell the property. Despite the one-month notice, Kuhns did not vacate
the property. At the end of the four-week notice period, Carnes gave Kuhns an additional notice
to vacate the property by posting a notice inside the front door of the house on the property. On
January 8, 1998, twenty days later, when Kuhns did not leave the property, Carnes filed an
eviction suit in Justice Court No. 4 of Hays County. 

 After a jury verdict in favor of Carnes, Kuhns appealed to the county court at law.
The county court at law granted summary judgment in Carnes's favor, awarded Carnes his
attorney's fees and denied several motions filed by Kuhns. Kuhns appeals the county court at
law's judgment and other post-trial rulings. 


Discussion


 On appeal Kuhns contends that (1) the justice court and consequently the county
court at law had no jurisdiction to consider the eviction suit because of unresolved title issues; (2)
Carnes did not establish his right to possession as a matter of law or Kuhns raised issues of
material fact in his response to the motion for summary judgment; (3) Carnes was not entitled to
recover his attorney's fees; (4) Kuhns's affidavit of indigency should have been sufficient to
supersede the judgment; and (5) the trial court erroneously denied his motion for sanctions and
should not have returned to Carnes the $1,500 paid into the registry of the court in lieu of a
possession bond. 

 Kuhns has filed a motion asking this Court to take judicial notice of "all appellate
records before it relavant [sic] to the controversies between Kuhns and appellee Donald F. Carnes
(Carnes), and particularly of the 'Order of Sale' in cause 4862 (9/30/97 Order)." We grant the
portion of the motion related to taking judicial notice of the appellate records submitted in the
various clerk's records accompanying Kuhns's appeals that relate to the property with the
exception of the property-tax appeal as we determined that this Court was without jurisdiction
over that appeal. We overrule the remaining portions of the motion. 


Jurisdiction

 In his first issue, Kuhns contends that the county court at law and the justice court
had no jurisdiction over the eviction suit because there was ongoing litigation in other courts
involving the question of title to the property. Kuhns asserts that he specifically gave notice to
both courts that the title issue was unresolved, therefore, the courts were without subject-matter
jurisdiction and the case should have been dismissed. 

 Eviction suits exist to give property owners a "summary, speedy, simple and
inexpensive remedy for determination of who is entitled to property without resorting to actions
upon title." Home Savings Ass'n v. Ramirez, 600 S.W.2d 911 (Tex. Civ. App.--Corpus Christi
1980, writ ref'd n.r.e.). In an eviction suit, possession of property is the only issue to be decided;
the merits of the title shall not be adjudicated. See Tex. R. Civ. P. 746; Mitchell v. Armstrong
Capital Corp., 911 S.W.2d 169, 171 (Tex. App.--Houston [1st Dist.] 1995, writ denied). If it
becomes apparent that a genuine issue regarding title exists in an eviction suit, the court does not
have jurisdiction over the matter. Mitchell, 911 S.W.2d at 171 (citing Haith v. Drake, 596
S.W.2d 194, 196 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.)). 

 As summary-judgment proof, Carnes included copies of the probate court's orders
which declared Carnes's title to the property; the title issue was resolved in that suit. Kuhns's
declaratory-judgment action filed in the Hays County district court had been dismissed. The only
issue before the courts below was whether Carnes was entitled to possession of the property.

 Additionally, Kuhns's appeal of the probate and district court judgments did not
affect the county court at law's reliance on those judgments and its determination about
possession. A trial court's judgment is final for purposes of res judicata and estoppel even during
an appeal of that judgment. Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1 (Tex. 1986). The first
issue is overruled.




Sufficiency of Evidence to Support Summary Judgment

 In his second issue, Kuhns contends that Carnes failed to plead or prove his
ownership interest in the property, failed to plead or prove that Kuhns had no ownership interest
in the property, or that Kuhns had failed to leave the property on demand. Contrary to Kuhns's
assertions, after reviewing Carnes's original petition, the motion for summary judgment and the
summary-judgment proof attached to the motion, we conclude that Carnes adequately pleaded and
proved his ownership interest, Kuhns's lack of a right to possession and that Carnes had asked
Kuhns to leave the property and that he had not done so. We overrule this contention. 

 Kuhns also argues that an eviction suit was not the proper action for Carnes to
bring to have him removed from the property. Kuhns agrees that based upon the probate court's
order, he was declared a licensee. Kuhns argues that as a licensee the eviction suit was not the
proper type of action to have him removed from the property because there was no landlord-tenant
relationship between he and Carnes. Kuhns contends that Carnes should have filed a criminal
trespass action to have him removed from the property. 

 An eviction suit may be brought against a person who refuses to surrender
possession of real property on demand if the person:


(1) is a tenant wilfully and without force holding over after the termination of the
tenant's right of possession;


(2) is a tenant at will or by sufferance, including an occupant at the time of
foreclosure of a lien superior to the tenant's lease; or


(3) is a tenant of a person who acquired possession by forcible entry.


See Tex. Prop. Code Ann. § 24.002(a) (West Supp. 1999). The Property Code also provides an
elaborate process that an owner must follow to remove someone from its property. 

 To merit summary judgment, Carnes had to establish that there were no genuine
issues of any material fact, and that he was entitled to possession of the property a matter of law. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985); see Tex. R. Civ. P.
166a(c). In an eviction suit, the only issue presented to the trial court is the question of
possession. See Haginas v. Malbis Mem. Found., 354 S.W.2d 368, 371 (Tex. 1962); Tex. R.
Civ. P. 746. 

 All issues of law and fact regarding who had the right to possess the property were
settled by the probate court's order, a copy of which Carnes submitted to the county court as
summary-judgment proof. See Smithwick, 724 S.W.2d at 6. Although the probate court
determined that Kuhns was a licensee, in proceeding to have Kuhns removed from the property
Carnes treated Kuhns as a tenant by giving him all the statutory notices and removing him from
the property according to that status. This provided Kuhns with more due process than if Carnes
had proceeded to have the State file a suit for criminal trespass against Kuhns. See Tex. Penal
Code Ann. § 30.05(a) (West 1994) (elements of criminal trespass offense). We conclude that
Carnes's summary-judgment proof supports the county court at law's judgment. The second issue
is overruled. 


Attorney's Fees

 In his third issue, Kuhns contends Carnes was not entitled to recover his attorney's
fees because Carnes failed to comply with the statutory provision allowing recovery of attorney's
fees in an eviction action. See Tex. Prop. Code Ann. § 24.006 (West Supp. 1999).

 For an owner to recover attorney's fees in an eviction suit, the owner must:


(a) give a tenant who is unlawfully retaining possession of the landlord's premises
a written demand to vacate the premises. The demand must state that if the tenant
does not vacate the premises before the 11th day after the date of receipt of the
notice and if the landlord files suit, the landlord may recover attorney's fees. The
demand must be sent by registered mail or by certified mail, return receipt
requested, at least 10 days before the date the suit is filed. 



Id. (emphasis added) Carnes did not send Kuhns a notice to vacate by certified or registered mail
return receipt requested. However, Carnes contends that he followed the statute with reasonable
strictness by placing the notice to vacate on the inside of the front door to the premises on
December 19, 1997, which was more than ten days before Carnes filed the eviction proceeding
in January 1998. (2) 

 We conclude that section 24.006(a) must be strictly construed because it is part of
the statutory scheme authorizing eviction actions. See John v. State, 826 S.W.2d 138, 140 (Tex.
1992) (notice requirement of certified or registered mail, return receipt requested, in eminent
domain action construed strictly). Moreover, since the language of the statute is clear and
unambiguous, it should be enforced as written, giving its terms their usual and ordinary meaning,
and without resorting to rules of construction. Id. The express language of section 24.006 states
that the landlord "must" send the demand notice by registered or certified mail, return receipt
requested. Must "is an imperative term, by ordinary meaning, and requires the performance of
the act to be performed. Thus, it should be treated as a mandatory term, unless it is apparent that
the legislature intended otherwise." Id. at n.3 (quoting Balios v. Texas Dep't of Pub. Safety, 733
S.W.2d 308, 310 (Tex. App.--Amarillo 1987, writ ref'd)). 

 Because Carnes did not strictly comply with the statutory notice provision, we
reverse the portion of the county court at law's judgment awarding Carnes his attorney's fees.
Kuhns's third issue is sustained. 


Pauper's Affidavit in Lieu of Supersedeas Bond

 In his fourth issue, Kuhns complains about the $9,000 supersedeas bond set by the
county court at law. Kuhns contends that the county court at law should have allowed his
pauper's affidavit to supersede the county court at law's writ of possession under Rule of Civil
Procedure 755 in the same manner as provided in Civil Procedure Rule 749a. Kuhns concedes
that he has found no authority to support this contention. 

 Rule 749a addresses appeals of justice-court decisions to county courts in eviction
cases. Rule 749a provides that if an individual is unable to pay the costs of appeal or file a bond
as required under the rules, the individual may nevertheless appeal a justice-court decision to a
county court and suspend the justice court's judgment by filing a pauper's affidavit and following
the procedure outlined in the rule. See Tex. R. Civ. P. 749a. Rule 755 addresses writs of
possession issued by a county court after a de novo trial of an eviction suit and states that "a writ
of possession shall not be suspended or superseded in any case by appeal from such final judgment
in the county court, unless the premises in question are being used as the principal residence of
a party." See Tex. R. Civ. P. 755. This rule must be read in conjunction with Texas Property
Code section 24.007 which provides that 


[i]n setting a supersedeas bond the county court shall provide protection for the
appellee to the same extent as in any other appeal, taking into consideration the
value of rents likely to accrue during appeal, damages which may occur as a result
of the stay during appeal, and other damages or amounts the court may deem
appropriate.



See McCartney v. California Mortgage Serv., 951 S.W.2d 549, 550 (Tex. App.--El Paso 1997,
no pet.) (quoting Tex. Prop. Code Ann. § 24.007 (West Supp. 1999)). 

 A judgment creditor has a statutory right to have execution issued to enforce a
judgment pending appeal, unless and until a valid supersedeas bond has been filed. Texas
Employers' Ins. Assoc. v. Engelke, 790 S.W.2d 93, 95 (Tex. App.--Houston [1st Dist.] 1990, orig.
proceeding) (citing Anderson v. Lykes, 761 S.W.2d 831, 833 (Tex. App.--Dallas 1988, orig.
proceeding) & Elliot v. Lester, 126 S.W.2d 756, 758 (Tex. Civ. App.--Dallas 1939, no writ)). 
The fact that a judgment debtor is financially unable to file such bond does not destroy this
statutory right. Engelke, 790 S.W.2d at 95. 

 Additionally, Texas Rule of Appellate Procedure 24 addresses suspension of
enforcement of judgments pending appeal in civil cases. Tex. R. App. P. 24. Rule 24 provides
different methods a party may use to suspend the enforcement of judgments pending appeal
including filing with the trial-court clerk a written agreement with the judgment creditor for
suspension of enforcement of the judgment, a good and sufficient bond, a cash deposit in lieu of
bond, or providing alternate security ordered by the court. See Tex. R. App. P. 24.1. This rule
does not include a pauper's affidavit as a method to supersede a judgment and we decline to hold
that it does so in this case. 

 Kuhns also complains that the county court at law abused its discretion in setting
the amount of the supersedeas bond. He argues that "no legitimate evidence of any kind" or "any
reasonable basis [exists] for the imposition of a $9,000 bond." He contends that the amount is
arbitrary and unreasonable particulary when considering his earlier inability to obtain a bond when
he appealed the justice court's decision to the county court.

 Carnes argued to the county court at law that because of the taxes owed and those
that would continue to accrue during an appeal, he was requesting a bond in the amount of
$10,000 or $11,000. The county court at law, however, ordered the supersedeas bond in the
amount of $9,000, the same amount set by the justice court. We hold that the county court at law
acted within its discretion in setting the supersedeas bond at $9,000. The fourth issue is
overruled.


Request For Sanctions and Return of Possession Bond to Carnes

 In his fifth issue, Kuhns complains about the county court at law's denial of his
motion for sanctions. On May 8, 1998, Kuhns filed a motion for sanctions stating generally that
he had "been harmed by [Carnes's and his attorney's] conduct as will be shown at [a] hearing." 
In his sanctions motion, Kuhns requested that the county court at law, "upon [a] hearing on the
matter, award sanctions against the parties complained of in an amount curative of the offenses,
and for all further and final relief to which appellant may show himself justly entitled." In his
motion, Kuhns does not complain about any specific acts of Carnes and his attorney or explain
how he was harmed by any of their actions. There is no supporting documentary evidence
attached to the copy of the motion contained in the clerk's record. 

 In his argument accompanying this issue on appeal, Kuhns "complains in part of
the ex parte nature of [a] March 6, [19]98 letter of [Carnes's attorney] to the [county court at
law]." Kuhns attached a copy of the letter as an appendix to his appellate brief. Apparently,
Kuhns's motion for sanctions was based upon Carnes's attorney sending this letter. 

 The March 6, 1998 letter was addressed to the Hays County Clerk from Carnes's
attorney and was as follows:


 On February 2, 1998, we won a jury trial awarding us possession of the
premises. Stephen C. Kuhns said that he was going to appeal [to] the County
Court at Law. Apparently, his appeal (and our ability to get him finally evicted)
is being held up because your office refuses to docket the appeal. This is exactly
what Mr. Kuhns wants, as he is without funds the longer he can delay staying on
the property, the better for him.


 I respectfully insist that you give this matter a docket number and notify my
office immediately of the docketing, as we intend to file a motion for summary
judgment as soon as we have a cause number and set the matter for hearing on that
motion. 


 I look forward to hearing from you at your earliest convenience. 



 Very truly yours,

 s/s



 We hold that the March 6 letter was not an ex parte communication to the county
court at law judge, rather it was a letter sent to the county clerk and was administrative in nature. 
The trial court did not err in denying Kuhns's motion for sanctions. 

 In his fifth issue, Kuhns also contends that the county court at law erred by
releasing to Carnes his cash deposit in lieu of a possession bond. The county court at law
required Carnes to post a $1,500 possession bond in order to obtain a writ of possession. On July
15, 1998, Carnes filed a cash deposit in lieu of a bond with the Hays County Clerk to be placed
in the registry of the court. Kuhns filed a petition for a writ of mandamus in this Court seeking
relief from the writ of possession; this Court denied the petition. See In re Kuhns, No. 03-98-375-CV (Tex. App.--Austin August 7, 1998, orig. proceeding) (not designated for publication). 
Kuhns then filed a petition for writ of mandamus and motion for emergency stay in the supreme
court; that court overruled the motion and denied the petition. See In re Kuhns, 41 Tex. Sup. Ct.
J. 1323 (August 14, 1998). The Hays County sheriff executed the writ of possession on August
19, 1998. The county court at law released the cash deposit on August 31, 1998. Without citing
any authority, Kuhns argues that the county court at law should not have returned the $1,500 to
Carnes until after disposition of this appeal. 

 A possession bond entitles the prevailing party in an eviction suit to obtain a writ
of possession before the sixth day after the judgment is rendered or to obtain possession of the
property pending the trial of the eviction suit. See Tex. Prop. Code Ann. § 24.061(b) (West
Supp. 1999) (emphasis added); Tex. R. Civ. P. 740. In this case, the writ of possession was not
issued until sixty-seven days after the trial court's judgment was signed. Certainly as of August
31, 1998, after this Court and the supreme court denied Kuhns's requests for relief from the writ
of possession and after the writ of possession had been executed, there was no longer any need
for a possession bond. To suspend the writ of possession, Kuhns was required to post the $9,000
supersedeas bond set by the county court at law. The trial court did not err in returning the cash
deposit to Carnes. Kuhns's fifth issue is overruled.



Conclusion


 We reverse the portion of the county court at law's judgment that awarded Carnes
attorney's fees and render judgment that he take nothing on that claim. We affirm the county
court at law's judgment in all other respects.



 


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered in Part and Affirmed In Part

Filed: September 10, 1999

Do Not Publish
1.   The related cases include Kuhns v. Carnes, No. 03-97-721-CV (Tex. App.--Austin
September 10, 1999, no pet. h.) (not designated for publication) (declaratory judgment from the
Travis County Probate Court), Kuhns v. Dripping Springs Indep. Sch. Dist., No. 03-97-722-CV
(Tex. App.--Austin April 16, 1998, no pet.) (not designated for publication) (property-tax case),
and Kuhns v. Bank One, Texas, N.A., No. 03-98-177-CV (Tex. App.--Austin September 10, 1999,
no pet. h.) (not designated for publication) (declaratory-judgment action from Hays County district
court). 
2.   The notice placed on the inside of the front door to the premises read as follows:


NOTICE TO VACATE



To: Stephen C. Kuhns


Re: 5.00 acres out of Lot 23, LONGVIEW II, Hays County, Texas


 You have previously been given a demand to surrender possession of the
premises. The deadline for your surrendering possession was December 17, 1997.


 Since you have not surrendered possession, you are hereby given notice to
vacate the premises. You must vacate within three days from the date of this
notice. If you have not vacated after the third day, then I will file suit seeking to
have you evicted. If you have not vacated the premises before the 11th day after
the date of this notice, then I will seek to recover attorney's fees and costs of court
from you as well as a writ of possession.


 Hand delivered on this 19th day of December, 1997.


 s/s

 ___________________________

 Donald F. Carnes, Trustee of the 

 Frances P. Kuhns Trust



r in denying Kuhns's motion for sanctions. 

 In his fifth issue, Kuhns also contends that the county court at law erred by
releasing to Carnes his cash deposit