ACCEPTED
01-15-00398-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/14/2015 3:21:54 PM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 01-1500398-CV

| | | |
|---|---|---|
| **JENNIE LARRY JOHNSON** | § | FILED IN<br>1st COURT OF APPEALS<br>HOUSTON, TEXAS |
| *Appellant,* | § | |
| | § | 5/14/2015 3:21:54 PM |
| | § | **IN THE FIRST** CHRISTOPHER A. PRINE |
| | § | Clerk |
| | § | |
| | § | |
| **vs.** | § | **COURT OF APPEALS** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **FREO TEXAS LLC** | § | |
| *Appellee* | § | **HOUSTON, TEXAS** |

## APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION TO STAY WRIT OF POSSESSION

Appellee asks the Court to either dismiss this appeal as moot as there is no actual controversy between Appellant and Appellee.

### A. INTRODUCTION

1. Appellant is JENNIE LARRY JOHNSON ('JOHNSON'); Appellee is FREO TEXAS LLC ('FREO').

2. This matter before the Court is an appeal of a trial court's judgment rendered in a forcible detainer action brought by Appellee, the foreclosure sale purchaser of the Subject Property located at 1907 Doliver, Missouri City, TX 77489 (the 'Subject Property').

3. This judgment was rendered by the County Court at Law No. 3 of Fort Bend County, Texas on January 28, 2015 in cause number 1040674.

4. On that same day and via the trial court's final judgmetn the trial court also set the supersedeas bond in the amount of $10,200.00.

5. Appellant filed its Notice of Appeal on February 02, 2015

6. Appellant did not supersede enforcement of the trial court's judgment. Rather, on February 02, 2015 Appellant filed with the trial court Tenant's Affidavit of Inability to Pay Costs of Appeal Bond & Answer.

7. Because Appellant failed to supersede enforcement fo the trial court's judgment Appellee has requested that a writ of possession issue.

8. In response Appellant has filed an Emergency Motion with this Court seeking a stay of the execution of the writ of possession. Appellant appears to argue that the writ should be stayed because it submitted to the trial court a pauper's affidavit in lieu of supplying the requisite bond.

## B. ARGUMENT & AUTHORITIES

9. Texas forcible detainer actions are governed by Section 24 of the Texas Property Code and Rule(s) 510 of the Texas Rules of Civil Procedure.

10. TRCP 510.13 provides the basis for staying execution of a writ of possession upon appeal from a de novo judgment in a forcible detainer to the Court of Appeals. Specifically, TRCP 510.13 provides:

*" The writ of possession, or execution, or both, will be issued by the clerk of the county court according to the judgment rendered, and the same will be executed by the sheriff or constable, as in other cases. The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code."* TRCP 510.13

11.     This rule must be read in conjunction with Texas Property Code section 24.007 which provides that

*[i]n setting a supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damageswhich may occur as a result of the stay during appeal, and other damages or amounts the court may deem appropriate.*

*See McCartney v. California Mortgage Serv.*, 951 S.W.2d 549, 550 (Tex.App.-El Paso 1997, no pet.) (quoting Tex.Prop. Code Ann. § 24.007 (West Supp.1999)).

12.     A judgment creditor has a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed. *Texas Employers' Ins. Assoc. v. Engelke*, 790 S.W.2d 93, 95 (Tex.App.-

Houston [1st Dist.] 1990, orig. proceeding) (citing *Anderson v. Lykes*, 761 S.W.2d 831, 833 (Tex.App.-Dallas 1988, orig. proceeding) & *Elliot v. Lester*, 126 S.W.2d 756, 758 (Tex.Civ.App.-Dallas 1939, no writ)). The fact that a judgment debtor is financially unable to file such bond does not destroy this statutory right. *Engelk*e, 790 S.W.2d at 95.

13.     Additionally, Texas Rule of Appellate Procedure 24 addresses suspension of enforcement of judgments pending appeal in civil cases. Tex.R.App.P. 24.  Rule 24 provides different methods a party may use to suspend the enforcement of judgments pending appeal including filing with the trial court clerk a written agreement with the judgment creditor for suspension of enforcement of the judgment, a good and sufficient bond, a cash deposit in lieu of bond, or providing alternate security ordered by the court. See Tex.R.App.P. 24.1.

14.     This rule does not include a pauper's affidavit as a method to supersede a judgment and thus Appellant failed to supersede the trial court's judgment.  As such its Emergency Motion to Stay Execution of Writ of Possession should denied.

### D.  PRAYER

For these reasons, Appellee asks the Court to deny Appellant's emergency motion to stay writ of possession and grant Appellee such other and further relief to which it may be entitled or is in the interest of justice.

Respectfully Submitted:

JACK O'BOYLE & ASSOCIATES


   /s/ Travis H. Gray
Travis H. Gray
SBN 24044965
P.O. Box 815369
Dallas, Texas 75381
Phone:  972.247.0653
Fax: 972.247.0642
travis@jackoboyle.com
Attorneys for Appellee
FREO TEXAS LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel and/or pro se parties of record, in accordance with Texas Rule of Appellate Procedure 9.5, on the date shown.

Dated: May 14, 2015

L. Mickele' Daniels
7322 Southwest Freeway
Houston, TX 77074
P: 713.995.4681
F: 713.995.4685
Seminole85@peoplepc.com
Counsel for Appellant

                     */s/ Travis H. Gray*
                     Travis H. Gray